Hear ye, hear ye. This Honorable Appellate Court for the Second District is now open. The Honorable Justice George Bridges presiding, along with Justices Catherine E. Zinoff and Joseph E. Burkett. The case is number 220316, Harold M. Crowe, Plaintiff Appellant, versus Randall Teradash et al., defendants of the Appellees. Arguing for the Appellant, Thomas W. Gooch. Arguing for the Appellees, Amanda J. Hamilton. Are both parties ready to proceed? Appellant is ready, Your Honor. Yes, we are, Justice. Very well. Ms. Gooch, you may proceed. Thank you. Good morning, Justices. May it please the Court, I am here on behalf of Harold Crowe, seeking a reversal of the trial court's dismissal of prejudice of the complaint based on a statute of limitations. We maintain that with sufficient allegations of fraudulent concealment to extend the statute of limitations. We put Mr. Crowe on notice, or strike that, we put Mr. Teradash on notice on or about February 27th, 2017, of the cause of action. Now, the cause of action accrued due to a settlement of a workers' compensation case. The settlement documents were signed in June of 2015. Theoretically, then, the statute would have run in June of 2019. However, the actual malpractice took place considerably closer to the date running. At the time when we put Mr. Teradash on notice, we maintained that there was not until June to file the lawsuit. It was a considerably shorter period of time. The actual malpractice took place when Mr. Teradash began arguing to his client that the case had to be settled for the figures mentioned, and that had to have taken place months before the actual settlement documents were signed, as things take time in the workers' compensation world. Okay, so wasn't that an opinion? That was a legal opinion. How is that fraudulent concealment? They had no contact after the date of the settlement, after the settlement was signed, so there has to be an affirmative, or have to be affirmative acts after that to constitute fraudulent concealment. Isn't that correct? That's correct, but we believe that Mr. Teradash concealed from Mr. Crow the true basis of his case, and the fact that he was urging him to settle the case was a negligent act. He continuously pushed to Crow to settle on that basis. Well, isn't Barrett dispositive of that question? They can't be the same, one and the same. The acts of malpractice can't necessarily be the same acts as constituting fraudulent concealment. You're right, ma'am, that's exactly what Barrett says. However, the cases also say when you have a producer relationship, silence can be fraudulent concealment, and that's a factual question. We should have had the right, two rights we should have had. We should have had the right to proceed the trial and prove factually that Mr. Teradash, by remaining silent, fraudulently concealed the cause of accident. He should have told Mr. Crow, I messed up, we shouldn't have settled this case on these terms. You should have gotten it. Yes, sir? There was still time remaining on the two-year statute of limitations when you sent your letter. Why was the six months that were remaining on the statute not sufficient time to file a lawsuit? I don't think, first of all, I don't think there was six months. I think the malpractice took place long before the date of the settlement agreement. I advised him in February that he had a cause of action for malpractice or four months remaining at best, but I think it was considerably shorter period of time. Well, the last act would have been the settlement, correct? Because other acts fled after the settlement. Yes. So that would have to be the starting date, correct, for the two-year statute? He discovered he had a cause of action for legal malpractice when I advised him of that and not before. Well, what acts or acts from the date of settlement until your letter were committed? On more than one occasion, after the date of the settlement agreement, Crow inquired of Teradax as to why they settled for such a low amount of money, why various other things weren't happening, and complained about his continuing pain and suffering. And Teradax repeatedly told him, this was the best you could have done. That's the concealment. Do you plead any facts that would show that Teradax knew that this was not the best settlement? Do you plead any facts? We set forth on page 8 of our letter. You plead that he knew. What are the facts that you plead that he knew at the time that he was giving bad advice? I think in the appendix, pages 3 through 5, and the record on 10 through 12, we set forth allegations of what Teradax did. We also argue in our brief that if that wasn't sufficient, we sought leave to amend and it was denied. There was only one complaint filed on this case. We should have been given an opportunity to amend. What differently could have been alleged that would change this picture? I think we could have more specifically set forth all the things that Teradax said to Crow after the settlement, and the things he failed to say to Crow after the settlement, which would have revealed that Teradax had negligently advised him to settle the case. I'm sorry, sir. Excuse me, I'm sorry. Mr. Gooch, in your motion to amend the complaint, did you provide any new facts that you wish to replete or explain how those new facts would, in fact, cure the untimeliness of this complaint? We alleged in our response to the motion to dismiss that if the court was inclined to grant it, we should be given leave to prepare and file an amended complaint, and we further stated that we could amend and include additional facts of Teradax's concealment of the cause of action, and we should have been given that basic opportunity. In that motion, did you allege any new facts? We never prepared the complaint because the court denied us leave to file an amended complaint. All we wanted to do was have an opportunity to file it, and we could have alleged new facts, and we wanted the court to take that into consideration, and this court, if nothing else, should reverse on the basis that we should have been given that opportunity and give us the opportunity to file an amended complaint. If we can't do it, we can't do it, but we should at least be given the opportunity. Counsel, so that I'm clear, the only specific affirmative act of fraudulent concealment that you've been alleging here that was alleged in the complaint is the defendant's assurances that the amount of the settlement was the maximum amount under the law. Is that correct? That's the only fraudulent act? In the complaint that we filed, yes. Could we amend it and add additional facts? Yes, I believe we can. Again, we should be given that opportunity, and that's not too much to ask for. And let me say further in response to Justice Burkett's statement, wasn't there time to go file a complaint? You know, as we go on practice cases, require a great deal of diligence before you're ready to file a complaint. I make it a practice as an example to at least find an expert that tentatively will agree to testify. That could take months in and of itself. I mean, the diligence required prior to filing a complaint is unlike most complaints or causes of action. So, no, I don't think there was sufficient time left. And I think I can plead that, too. What we're really asking you to do is to give us the opportunity to file an amended complaint. Now, if we don't file a sufficient one, then we've had our opportunity. But it's manifestly unfair to say, no, you can't even have a chance to do that. Counsel, what facts do you have to support the argument that the defendant knew that the settlement was wholly inadequate? He was a highly experienced workman's compensation attorney. He should have known. He should have been able to take a look at the injuries that Mr. Crow suffered, which left him 100% disabled, I might add, and realize that what Mr. Crow got was nothing compared to what Mr. Crow should have got. But as is not infrequently happens in the workman's compensation world, these cases are pushed through the settlement very quickly. And very few actual trials take place down there. And this is one where a man of his age, and we were getting on in years, who had been doing road work, should have had much more money and a much better settlement. And, Counsel, you agree that a plaintiff discovered both her cause of action and the fraudulent concealment no later than February 27th of 2017, when you wrote the letter accusing the defendants of malpractice. Is that correct? I agree with that. And according, I mean, and in addressing what Justice Zinoff said, according to Barrett, defendant had until February 27th of 2019 to file the complaint. Yet the complaint wasn't filed until August 23rd. Why the delay? Because it took us that much time to do the diligence necessary to determine the exact cause of action and damages that we could support, and at least begin consulting with people who are experienced workers' compensation lawyers. And we believe the fraudulent concealment statute gave us that time. Well, but, Counsel, when you say that, Barrett holds just the opposite, that this five-year period of Section 13-215 does not apply if the plaintiff discovers the fraudulent concealment of the cause of action and a reasonable period of time remains within which he can file the complaint, the two-year period he can file the complaint. And that's exactly the situation here, isn't it? No, because we could not file the complaint within that period of time. We could not get ready. We put him on notice or we put his carrier on notice. That did not mean we were prepared and ready to file the complaint. And I think Barrett acknowledges that, that if there's sufficient time, that's one thing. What I'm suggesting is there was not sufficient time to have that complaint unfiled by June. You're saying you couldn't move things fast enough for what reason? I'm sorry, ma'am? You could not move things fast enough for what reason, sir? Because we were still investigating the facts and lining up the necessary proofs that we would need in order to allege the cause of action. Mr. Hoots, what, again, what were the acts or acts of concealment after the settlement that Mr. Teradacian got engaged in, other than just repeating the same opinion he had given? What were the acts of concealment? We believe that at the time of settlement, Mr. Teradacian, the experienced practitioner in the field of workers' compensation she concentrated in, was well aware that the settlement was inadequate. Yet, as Mr. Crowe began questioning that during the following months, Mr. Teradacian repeatedly told him that the case was worth only what he got. He was lucky to have it. He wouldn't have got it anymore at a trial, and there was no need to discuss the matter further. So he gave the same opinion as given again? Yes. In summary, all we seek is a reversal with an order to allow us to file an amended complaint. If I can't plead around these issues you raised, then I can't plead around them. But I should be given the chance. That's all I have, unless you have further questions. Thank you, Mr. Cooch. Does either justice have any additional questions? Not at this time. No, sir. Second. Thank you. Mr. Cooch, at the end of the appellee's argument, you will have an opportunity for rebuttal. Thank you, Your Honor. At this time, Ms. Hamilton, you may begin your argument. Thank you very much. Good morning, Justices, Mr. Clerk, and Counsel. May it please the Court. This case is essentially, as Your Honors seem to be very, very well aware, whether a plaintiff should be permitted to pursue a legal malpractice claim more than two years after he hired an attorney to do so. Differently stated, this case is about whether a plaintiff can avoid the two-year statute of limitations prescribed by the legislature by claiming fraudulent concealment despite him retaining and hiring another attorney and then ultimately waiting another two years and six months before filing that same action. Your Honors, the dates in this case are critically important because I think it demonstrates why fraudulent concealment does not apply and it demonstrates why this case is properly dismissed with prejudice. The settlement agreement, which is found on C-31 through 33 of the record, was signed on June 1st of 2015 and it was entered on June 11th of 2015. And the reason the settlement agreement is so critical in this case is because the First District Appellate Court in Brummel v. Grossman actually took a look at legal malpractice cases that involve underlying workers' compensation claims. And the reason they did that was because settlement agreements and workers' compensation claims are manifestly different than those involved in other cases precisely because of the specificity and the detailing and I believe they said setting forth in plain language the terms of that settlement agreement. The forms that are used in workers' compensation cases are designed to be very accessible to a layperson and the Appellate Court specifically went through all of that saying that in that case, in that legal malpractice case, the plaintiff should have been on notice of his alleged injury the day that he signed that settlement agreement because he knew exactly what he was going to be getting and because it was so clear. I believe they said it was manifestly apparent to any layperson. So in this case, same situation, the settlement agreement is very clear. It articulates clearly what the plaintiff was going to be getting and that was entered into by the arbitrator June 11th of 2015. So arguably, according to the case law in Brummel, the statute of limitations began running on that date. Now, February 27th of 2017, which is still four months prior to the statute of limitations expiring, that's when we received this letter from Plaintiff's Legal Malpractice Council saying, I've been retained to pursue a legal malpractice claim against you, put your carrier on notice, preserve your documents, and that letter is at C-34 of the record, which is very clear and unequivocal as to the plaintiff being aware of his alleged injury and his intention to pursue a legal malpractice claim. And I'd like to stress, Your Honors, in the complaint, there's actually no allegation of any subsequent representations or fraudulent concealment after the June 11th, 2015 settlement agreement. Why shouldn't they be given the opportunity to add that and to file an amended complaint? Well, I think according to the Supreme Court's Loyola factors, and this is what we set forth also, there was no motion for leave to file an amended complaint. There was no proposed amended pleading. And while counsel states that there could have been had more time to develop those facts. Again, there were two years and six months went by after the plaintiff retained his legal malpractice counsel. In two years and six months, whatever facts needed to be developed should have been developed already. And none of those are in the record. None of those were presented to the trial court. So I think this would be difficult for this court to find that there's somehow a question of fact or that possibly those facts might exist because the plaintiff didn't preserve those issues, didn't present it to the trial court. With respect to counsel's argument that, I'm sorry, Your Honor, go ahead. If Mr. Taradach knew at the time that he advised this crime, that the advice was false, that he could have done much better, wouldn't that be sufficient to do a fact spread that he knew, that Taradach knew that this was not the best possible outcome, that this was a bad settlement for the plaintiff? That is certainly part of what the plaintiff alleged was part of the legal malpractice. But as Justice Zinoff and I believe Justice Bridges also noted in Barrett, the legal malpractice, there can't be any overlap between the alleged malpractice and the fraudulent concealment. There needs to be two separate things going on. Isn't it an alleged fraud? I'm looking at Fortune v. English. It's a 1907 case where there's actual fraud at the time of the advice, where the lawyer engages in deceit at the time of the proposed advice. Isn't that enough? No, I believe that the courts have subsequently developed the fraudulent concealment doctrine and interpreted it such as there has to be a separate affirmative act designed to prevent the plaintiff from discovering his legal malpractice claim against that attorney. So, for example, in DeLuna, this Illinois Supreme Court, which is obviously our kind of guiding case, that was a situation where the case was dismissed because the attorneys wanted to test the constitutionality of the 622 requirement for medical malpractice cases. And so in order to test it, they allowed the case to be dismissed and then were pursuing an appeal. But what they told their client was that, no, the case is going great. Everything, you know, we're continuing to pursue it at the trial level when in reality the case had been dismissed. So that was designed to prevent the client from discovering that their attorney had allowed their case to be dismissed, prevent the client from seeking independent counsel to find out, do I have a cause of action? What are my rights? So it really does. It's very important that the fraudulent concealment has to be a separate act designed to prevent the plaintiff from discovering his cause of action. Whereas in this case, it's undisputed at C-34, the plaintiff was aware of this cause of action. He had hired an illegal malpractice attorney to pursue the claim. The legal malpractice attorney agreed to pursue the claim. And then another two years and six months goes by. So even if one were to assume that such a representation constituted fraudulent concealment, saying this is the best deal that you're going to get, even if one were to assume that that was sufficient, which we don't believe it is. But even so, the plaintiffs discovered his cause of action February 27th of 2017. So he would then have at most two years from that date, according to the statute of limitations for attorneys, and said he did not file it until August 23rd of 2019, two years and six months later. So we believe that either way, the complaint is time barred. On its face, it's time barred. But certainly, even if one were to accept the arguments of fraudulent concealment, it would still nonetheless be time barred because, as Justice Zinoff pointed out, and Barrett, the court has expressly stated that fraudulent concealment cannot extend indefinitely the statute of limitations. You still have to abide by the statute that has been prescribed by the legislature of that two year time frame. Ms. Hamilton, isn't the question of whether there was fraudulent concealment here a factual question that prohibits dismissal? No, Your Honor, respectfully, I would say no. And that's simply because, again, of the timeline from when everything happened. Even if you were to assume that fraudulent concealment had happened, it would have stopped no later than June 11th of 2015. It certainly would have stopped at the time he retains a new attorney. And that's what the case law says in Barrett. That's what the case law says in Brummel. In Brummel, they actually had a very different situation where it was the same attorney who had represented the plaintiff for the workers' compensation claim, was then going to proceed against other tort claims against the employer. And when that plaintiff tried to claim fraudulent concealment, saying, wait, my attorney continued to represent me and said I was going to be getting more money. The court still rejected that theory and said that's not enough fraudulent concealment. That's you knew exactly what you were getting and and any other representations about whether it was the best deal you could have gotten or whether you could get more money in tort claims. For purposes of legal malpractice as to the workers' compensation claim, they said that's not that's not fraudulent concealment. So certainly in this case, I think that it's not a factual issue. And and again, based on the time frame, because the plaintiff had already retained a legal malpractice attorney. It really is a nonstarter, no matter which way you look at it. There's a follow up to Justice Zinoff's question. Why not give plaintiff additional time to try and develop fraudulent concealment? Well, I think that it goes against, again, the Illinois Supreme Court's statement with the loyal factors of what the plaintiff is required to show that some sort of amended pleading could cure the defect. And based on the facts that we have, again, that that February 27th, 2017 letter eliminates the possibility of there are no facts that the plaintiff could show, because the fact is that he retained a legal malpractice attorney. He was aware of his claim that there was no more fraudulent concealment because he had discovered it by retaining a new attorney. And then he chose to wait two years and six months. So it is our position that there are no facts that could have cured this situation based on the actual letter itself. Again, I would reiterate that it would be the plaintiff's burden to show that there were some sort of facts and any claim that further facts needed to be developed, whatever. I mean, the plaintiff had from June 11th, 2015, this complaint wasn't filed until August 23rd of 2019. The purpose of the statute of limitations is to cut off a time frame of liability. And that's why the courts have interpreted the way that it does. Fraudulent concealment is designed to prevent inequity or situations where an attorney has acted wrongfully so as to prevent the discovery of the cause of action. And that's just simply not the case here, because the plaintiff did discover his cause of action and did hire an attorney to pursue it. He just didn't file it timely after that date. Counsel, one of the Loyola factors has to do with prejudice. How would your client have been prejudiced by allowing an amendment? Well, I believe that, again, it kind of goes back to the purpose of the statute of limitations, which is to curtail liability after a given set of time. So in this case, my client would be prejudiced by allowing amendment by allowing further litigation and incurring additional expense. When the last time he ever did any work for this plaintiff was June 11th of 2015 to I think he would absolutely be prejudiced by now having to litigate further a claim that was not filed until four years later. Four and a half years later, simply because that's the purpose of the statute of limitations. You have to have a cutoff date. And especially for purposes of legal malpractice, the legislature has been pretty specific about why it wants to enforce those statutes as written. Thank you. And again, your honors, I believe the case has shown that retention of legal malpractice attorney stops any tolling and ameliorates any sort of alleged concealment. There's no trust or confidence placed in the former attorney when you have a new attorney who's telling you you have a cause of action. And so therefore, because the 13 dash to 15 does not apply to extend the statute, any alleged concealment would have already been discovered. We believe that the child court was absolutely correct in dismissing this complaint with prejudice as it is time barred. And we would ask that you affirm their decision. Thank you. Does either justice have any additional questions? No. Very well. Mr. Gooch, you may proceed with your rebuttal. Thank you, Your Honor. As I said, all we see is the opportunity to plead another complaint. There are two distinct areas of Mr. Teradash's interactions with Mr. Crow. Some were post-settlement, but a lot of them were after the settlement. And that's what constitutes the fraudulent concealment. The statements that he made to Crow following the settlement, they went on for well over a year. They had a lot of interaction, and we'd like to plead them. And I think it's manifestly unfair of the trial court not to have given us that opportunity. There's no prejudice involved in an amended complaint. Expense, sure, there's expense in everything. But not enough to justify denying him his day in court. Maybe we can't plead a good complaint. Mr. Gooch, you said two years prior to the complaint being filed, correct? I'm sorry, sir? Two years before the complaint was filed. Yeah, we believe that we can plead additional facts. You obviously were aware of the two-year statute of limitations and that you would have to plead fraudulent concealment, correct? We believe we can do that, yes, sir. But the law was well settled at that time that just the opinion at the time of settlement is not enough. You must plead affirmative acts of concealment in order to bring yourself within the fraudulent concealment statute, correct? Yes, that's correct. That's why we're saying there's two distinct areas of interaction between Mr. Crow and Mr. Teradesh. I'd like to comment on this. I'm going to read a quote from Fortin v. Inglis, which is 226-262 of 1907 case. While the relationship requires a full disclosure by the attorney of all matter within the scope of employment, it does not require him to volunteer information to his client that his client has a cause of action against him. There are also cases which say in a producer relationship, silence when you know is enough to conceal. This is the Illinois Supreme Court. This case has not been overruled. It's been a law for over a hundred years. A lawyer is not required to volunteer information that he's committed malpractice. I understand that, Your Honor. However, the lawyer does have a duty to tell the truth and not to say, you know, even if you remain silent, that's better than telling him I did everything right. That settlement was just great. There's absolutely nothing further that you can do. You've got the best deal you could. The arbitrator would have given you a worse deal. Be happy I got you what you did, et cetera, and so forth. That's going beyond saying I did something wrong. That's concealing the true facts of the case, and that's what we want to plead. Counsel, in your brief, I agree with you that the Supreme Court in the Carson case, Carson v. Fish, acknowledged that the attorney-client relationship is a fiduciary relationship, but the Supreme Court in that case did not extend its holding to say that the defendant, in this case the lawyers, had to tell a client that he had a cause of action against him for malpractice, and that's what Justice Burkett is getting to. So how does Carson help your position? It only clarifies that it is a fiduciary relationship. I think perhaps even if the lawyer is not under the duty to tell his client that I committed malpractice, the lawyer is under the duty because of that fiduciary relationship of the truth. How do we know this was not his legal opinion, which is where I started in your opening argument? I mean, how do we know this was not his opinion based on the work that he had done, his background, his experience, and his practice? How do you get beyond that? I think I can plead around that because I think I can allege that he knew that he had not done, that he had acted negligently, and by telling him the exact opposite post-settlement, he concealed the cause of action. You know, he could have just remained silent, according to the Supreme Court. You don't have to make him do anything wrong, but when you affirmatively start telling somebody you did everything right, that's something entirely different post-settlement, and that's the key. It's post-settlement, and that went on, I believe, for close to a year. That's about all I have to say, I guess. Thank you very much. Thank you, Mr. Cooch. Does either justice have any additional questions? I do not. And I have no further questions either. The court thanks both parties for your arguments this morning. This case will be taken under advisement, and a disposition will be rendered in due course. Mr. Clerk, you may close and terminate these proceedings. Thank you. Thank you.